UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DIRK REGAN, etc., et al.                )
                                        )
                                        )
                 Plaintiff,             )
                                        )      2:01-CV-779-WBS-CMK
          v.                            )
                                        )      ORDER RE: STATUS
WILLIAMS COMPANIES, INC., etc.,         )
et al.                                  )      (PRETRIAL SCHEDULING)
                                        )      CONFERENCE
                 Defendants.            )
_____ )

----oo0oo----

     This action has been assigned to the undersigned judge.
**Failure to comply with the requirements enumerated in this Order
may result in sanctions.**  Pursuant to the provisions of Federal
Rule of Civil Procedure 16, IT IS ORDERED that:

     1.  A Status (Pretrial Scheduling) Conference is set for
**June 27, 2011 at 2:00 p.m.** before the undersigned judge in
Courtroom No. 5.  At least twenty-one (21) calendar days before
the scheduling conference is held, the parties shall confer and

1  attempt to agree upon a discovery plan, as required by Federal

2  Rule of Civil Procedure 26(f).

3      2.  Pursuant to Local Rule 16-240, the parties shall submit

4  to the court a <u>JOINT</u> Status Report **fourteen (14) calendar days**

5  prior to the hearing date, which shall contain:

6          (a) a brief summary of the claims;

7          (b) a statement as to the status of service upon all

8  defendants and cross defendants;

9          (c) a statement as to the possible joinder of

10 additional parties;

11         (d) any contemplated amendments to the pleadings;

12         (e) the statutory basis of jurisdiction and venue;

13         (f) a written report outlining the proposed discovery

14 plan required by Federal Rule of Civil Procedure 26(f);

15         (g) a proposed cut-off date by which all discovery

16 shall be concluded;

17         (h) a proposed date by which all motions shall be filed

18 and heard;

19         (i) any proposed modifications of standard pretrial

20 proceedings due to the special nature of the action;

21         (j) the estimated length of trial;

22         (k) a statement as to whether the case is related to

23 any other case, including any matters in bankruptcy;

24         (l) any other matters discussed in Local Rule 16-240

25 that may add to the just and expeditious disposition of this

26 matter; and

27         (m) a statement by any nongovernmental corporate party

28 identifying all of its parent and subsidiary corporations and

1  listing any publicly held company that owns 10% or more of the

2  party's stock.  If any nongovernmental corporate party has no

3  parent or subsidiary corporations or no publicly held companies

4  owning 10% or more of its stock, it shall so state in the Joint

5  Status Report.  Thereafter, if there is any change in the

6  information, the party shall file and serve a supplemental

7  statement within a reasonable time after such change occurs.

8  **Failure to comply with the requirements of this subpart will**

9  **result in the Joint Status Report being stricken and <u>sanctions</u>**

10  **<u>being ordered against any nongovernmental corporate party that</u>**

11  **<u>did not submit its corporate disclosures</u>.**

12       The court has an obligation to recuse itself from any

13  case in which the judge might have a "financial interest,"

14  however small.  28 U.S.C. § 455(b)(4).  The purpose of the

15  corporate disclosure requirement in subpart (m) of this Order is

16  to assist the court in carrying out this obligation, because

17  corporate parties are in the best position to identify their

18  parent and subsidiary corporations.  Without this information,

19  the court risks retaining a case in which it unknowingly has a

20  financial interest.  As a consequence, not only would the

21  undersigned judge face public criticism, the public's confidence

22  in an impartial judiciary would be eroded.  Failure to assist the

23  court in protecting these and the other interests advanced by §

24  455(b)(4)--especially in the face of a clear and direct request

25  from the court--amounts to sanctionable conduct.

26       The requirement that corporate disclosures be included

27  in the parties' Joint Status Report does not negate a

28  nongovernmental corporate party's obligation to file a disclosure

1 statement "with its first appearance, pleading, petition, motion,

2 response, or other request addressed to the court" pursuant to

3 Federal Rule of Civil Procedure 7.1.

4     3.  Concurrently with the service of process, or as soon

5 thereafter as possible, plaintiff shall serve upon each of the

6 parties named in the complaint, and upon all parties subsequently

7 joined, a copy of this Order, and shall file with the clerk a

8 certificate reflecting such service.

9     4.  In the event this action was originally filed in a state

10 court and was thereafter removed to this court, the removing

11 party or parties shall immediately following such removal, serve

12 upon each of the other parties and upon all parties subsequently

13 joined a copy of this Order, and shall file with the clerk a

14 certificate reflecting such service.

15     5.  All parties to the action shall appear by counsel (or in

16 person if acting without counsel).  A FAILURE TO APPEAR AT THE

17 APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY

18 SUBJECT COUNSEL TO SANCTIONS.

19     6.  In appropriate cases, and after receiving the parties'

20 Joint Status Report, the court may issue a Status (Pretrial

21 Scheduling) Order without requiring a status conference.  Unless

22 the parties have received such an order prior to the status

23 conference, the parties are required to attend the status

24 conference as scheduled.

25 DATED: April 21, 20111

26                     WILLIAM B. SHUBB
                    SENIOR UNITED STATES DISTRICT JUDGE

27

                    by: Karen Kirksey Smith
28                        Deputy Clerk